LORETTA LYNCH
Attorney General
LAURA E. DUFFY
United States Attorney
REBECCA S. KANTER (California Bar No. 230257)
Special Attorney
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7304
Fax: (619) 546-0450
Email: rebecca.kanter@usdoj.gov

BENJAMIN J. WEIR
Trial Attorney (D.C. Bar No. 494045)
Tax Division, Western Criminal Enforcement Section
United States Department of Justice
601 D. St. NW, Room 7025
Washington, D.C. 20004
Tel: (202) 307-0855
Fax: (202) 514-9623
E-mail: benjamin.j.weir@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JAMES ROBERT MILLER,

Defendant.

Case No. 14CR0471-AB

UNITED STATES' PROPOSED JURY INSTRUCTIONS

**TRIAL DATE: 11-3-15**

Plaintiff United States of America by and through its attorneys of record, hereby submits the following proposed jury instructions in the above-captioned matter pursuant to Federal Rule of Criminal Produce 30. The parties have already submitted their jointly proposed jury instructions. (Docket #79). In accordance with this Court's "General Order Re: Jury Trial," the United States herein

files its jury instructions that are objected to by Defendant James Miller.

The United States respectfully requests leave to file such further requests for other and additional instructions as may become appropriate during the course of trial.

DATED: October 14, 2015

LORETTA LYNCH
Attorney General

LAURA E. DUFFY
United States Attorney

*s/ Rebecca Kanter*
REBECCA S. KANTER
Special Attorney

*s/ Benjamin J. Weir*
BENJAMIN J. WEIR
Trial Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**INDEX**


| No. | Title of Instruction | Source of instruction/citations | Pg. |
|---|---|---|---|
| 1 | Reasonable Doubt - Defined | Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.) | 4 |
| 2 | Wire Fraud | Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.) | 5 |
| 3 | Intent to Defraud - Defined | Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 3.16 | 7 |
| 4 | Each Use of the Mails and Each Transmission by Wire Communication in Interstate Commerce – Defined | O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 47:15 (6th ed.) | 8 |
| 5 | Conversion of Money to Defendant's Own Use May be Considered When Deciding Intent | United States v. Jones, 472 F.3d 1136, 1139-40 (9th Cir. 2007); United States v. Rubin, 522 F.3d 967, 74 (9th Cir. 2008). | 9 |
| 6 | Negligence, gullibility or foolishness is not a defense to wire fraud | United States v. Ciccone, 219 F.3d 1078, 1083 (9th Cir. 2000); United States v. Hanley, 190 F.3d 1017, 1023 (9th Cir. 1999); United States v. Brien, 617 F.2d 299, 311 (1st Cir. 1980); United States v. Kreimer, 609 F.2d 126, 132 (5th Cir. 1980); United States v. Coyle, 63 F.3d 1239, 1245 (3rd Cir. 1995). | 10 |
| 7 | Embezzled Funds are Taxable in the Year in Which the Funds Were Embezzled | James v. United States, 366 U.S. 213, 219-20 (1961); Cohen v. United States, 297 F.2d 760, 768-69 (9th Cir. 1962), cert. denied, 369 U.S. 865 (1962); Abrams v. Union Bank, 9 F.3d 1550, No. 92-55304, 1993 WL 441969 at *1 (9th Cir. 1993)(table). | 11 |


///

///

**COURT'S INSTRUCTION NO. ___**

**UNITED STATES' PROPOSED INSTRUCTION NO. 1**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 3.5 [Reasonable Doubt - Defined].

**COURT'S INSTRUCTION NO. ___**

**UNITED STATES' PROPOSED INSTRUCTION NO. 2**

The defendant is charged in Counts One through Five of the superseding indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive or cheat; and

Fourth, the defendant used, or caused to be used, a wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate in nature. Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate wire communication must have actually occurred in furtherance of the scheme.

Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 8.124 [Wire Fraud].

**COURT'S INSTRUCTION NO. ___**

**UNITED STATES' PROPOSED INSTRUCTION NO. 3**

An intent to defraud is an intent to deceive or cheat.

Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), No. 3.16 [Intent to Defraud - Defined].

**COURT'S INSTRUCTION NO. ___**

**UNITED STATES' PROPOSED INSTRUCTION NO. 4**

Each transmission by wire in interstate or foreign commerce to advance, or to further, or to carry out the scheme or plan to obtain money or property by means of false or fraudulent pretenses, representations, or promises may be a separate violation of the wire fraud statute.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 47:15 (6th ed.) [Each Use of the Mails and Each Transmission by Wire Communication in Interstate Commerce – Defined.]

**COURT'S INSTRUCTION NO. ___**

**UNITED STATES' PROPOSED INSTRUCTION NO. 5**

In determining whether the defendant acted with the required intent to defraud, you may consider evidence that the defendant profited or converted money to his own use.

See United States v. Jones, 472 F.3d 1136, 1139-40 (9th Cir. 2007); United States v. Rubin, 522 F.3d 967, 74 (9th Cir. 2008).

**COURT'S INSTRUCTION NO. ___**

**UNITED STATES' PROPOSED INSTRUCTION NO. 6**

A victim's negligence, gullibility or even foolishness is not a defense to a charge of wire fraud.

See United States v. Ciccone, 219 F.3d 1078, 1083 (9th Cir. 2000); United States v. Hanley, 190 F.3d 1017, 1023 (9th Cir. 1999); United States v. Brien, 617 F.2d 299, 311 (1st Cir. 1980); United States v. Kreimer, 609 F.2d 126, 132 (5th Cir. 1980); United States v. Coyle, 63 F.3d 1239, 1245 (3rd Cir. 1995).

**COURT'S INSTRUCTION NO. ___**

**UNITED STATES' PROPOSED INSTRUCTION NO. 7**

Funds that are embezzled are taxable income in the year in which the embezzlement occurred.

See James v. United States, 366 U.S. 213, 219-20 (1961); Cohen v. United States, 297 F.2d 760, 768-69 (9th Cir. 1962), cert. denied, 369 U.S. 865 (1962); Abrams v. Union Bank, 9 F.3d 1550, No. 92-55304, 1993 WL 441969 at *1 (9th Cir. 1993)(table).

**COURT'S INSTRUCTION NO. ___**

**UNITED STATES' PROPOSED INSTRUCTION NO. 8**

In proving that the defendant violated Section 7206(1), the government does not have to prove that there was a tax due and owing for the year(s) in issue. Whether the government has or has not suffered a pecuniary or monetary loss as a result of the alleged return is not an element of Section 7206(1).

See Kevin F. O'Malley et al., Federal Jury Practice and Instructions § 56.12 (5th Ed. 2000); United States v. Marashi, 913 F.2d 724 (9th Cir. 1990); United States v. Marabelles, 724 F.2d 1374, 1380 (9th Cir. 1984).